IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | Cause No. CV 18-176-BLG-DLC-TJC |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LYNN GUYER, STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on Petitioner Lionel Scott Ellison's
application for writ of habeas corpus under 28 U.S.C. § 2254.  Ellison is a state
prisoner proceeding pro se.

Ellison challenges his convictions for Impersonation of a Public Servant and
two counts of Tampering with or Fabricating Physical Evidence, entered following
a September 2015 jury trial in Montana's Thirteenth Judicial District, Yellowstone
County.

Additionally, Ellison has the following motions pending before the Court: (i)
Motion for Immediate Relief (Doc. 9); (ii) Motion for Joinder (Doc. 11); (iii)
Motion for Recusal (Doc. 14); (iv) Motion for Summary Judgment (Doc. 15); (v)

Motion to Compel Relief (Doc. 17); (vi) Motion for Hearing (Doc. 23); (vii) Motion for Recusal (Doc. 24); and, (viii) Motion for Certificate of Appealability (Doc. 28).  Each matter will be addressed in turn.

## I.    28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fail to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   As explained below, because Ellison's claims are unexhausted, his petition should be dismissed without prejudice.

### i.    Procedural History

An understanding of the procedural posture of Ellison's state court proceedings is necessary for this Court's exhaustion analysis.  Accordingly, the proceedings are summarized below.

#### a.  Underlying Criminal Proceedings

On March 13, 2013, officers responded to a report of a fire at the home Ellison shared with his parents.[1]  The investigation uncovered that ropes had been

---

[1] The Court is familiar with Ellison; he has filed several matters, including federal

2

secured on the outside doors of the home.  Additionally, not far from the scene, officers discovered a pocket-knife with the name "Fritz" etched into the side. Detective Frank Fritz had been involved in prior investigations involving Ellison, and he and Ellison apparently shared an acrimonious relationship.

Following testing from the State Crime Lab, Ellison was arrested and charged with Arson and two counts of Tampering with Evidence.  Additionally, during Ellison's release on bond, phone calls were placed to Ellison's employers with the caller identifying himself as Detective Fritz.  Following additional investigation, Ellison was also charged with Impersonation of a Public Official.

Prior to trial, Ellison moved to exclude evidence of other crimes/wrongs/acts under Mont. Rule. Evid. 404(b).  These prior acts included information regarding investigations performed by Yellowstone and Park County officials after Ellison allegedly staged his own abductions in 2008 and 2010; a 2009 arson conviction; a

---

habeas petitions and § 1983 complaints.  See e.g.: *Ellison v. Kirkegard*, No. CV-16-123-BLG-DLC, Or. (D. Mont. Oct. 31, 2016)(§ 2254 petition dismissed without prejudice as unexhausted); *Ellison v. Fletcher*, No. CV-17-102-H-DLC, Or. (D. Mont. Nov. 2, 2017)( § 2254 petition dismissed without prejudice as unexhausted); *Ellison v. Fletcher*, No. CV-168-BLG-DLC, Or. (D. Mont. Feb. 25, 2020 (§ 2254 petition dismissed with prejudice as time-barred); Ellison v. Yellowstone County, et. al., No. CV-18-56-BLG-BMM-JTJ (pending §1983 case); *Ellison v. Kirkegard, et. al*., No. CV-17-45-H-DLC, Or. (D. Mont. Feb. 22, 2019)(§1983 case dismissed for failure to prosecute); *Ellison v. Yellowstone County et. al.,* No. CV-18-60-BLG-BMM, Or. (D. Mont. June 20, 2018)(§1983 case dismissed); *Ellison v. Yellowstone County, et. al*., No. CV-18-173-BLG-DLC, Or. (D. Mont. Dec. 7, 2018)(injunctive relief denied).

2010 theft conviction; a 2010 Partner/Family Member Assault (PFMA) conviction; and two 2012 convictions for Violation of an Order of Protection.  Detective Fritz was apparently involved in the investigation of both the PFMA and the Order of Protection violations.

During this same time period, Ellison and his parents also filed a civil suit against Yellowstone County and Detective Fritz.  That matter was ultimately dismissed.

As set forth above, Ellison was convicted of Impersonation and Tampering, but the jury acquitted him of Arson.  Ellison timely filed a direct appeal.

### b.  Direct Appeal

On appeal Ellison argued: (1) the district court abused its discretion by admitting evidence related to prior bad acts; (2) trial counsel rendered ineffective assistance by failing to object to Ellison being convicted of 2 counts of Tampering under Montana's "multiple conviction" statute, MCA § 46-11-410; and, (3) the trial court erred by imposing surcharges for each count of conviction.  See, *State v. Ellison*, 2018 MT 252, 393 Mont. 90, 428 P. 3d 826.

The State conceded the surcharge issue.  The Court affirmed the district court on Ellison's first claim, finding that the district court did not abuse its discretion by the admission of the prior bad acts evidence.  In relation to Ellison's second claim, the Court found that counsel did perform deficiently because both of

the underlying tampering acts for which Ellison was charged and convicted – tying

ropes on the outside of the home and leaving the "Fritz" pocket-knife at the scene –

were both part of the same transaction.  The Court thus reversed Ellison's second

tampering conviction.  The matter was remanded to the district court for

resentencing.  *Ellison*, 2018 MT 252, ¶ 29.

### c.  Remand Proceedings

Upon remand, the district court sentenced Ellison to 10 years for the

Tampering conviction and 5 years for Impersonation; none of the time was

suspended.  Ellison filed a direct appeal and challenged, not only his new sentence,

but also his underlying convictions.  See, *State v. Ellison*, 2019 MT 217N, Or.

(Mont. Sept. 10, 2019).

### d.  Direct Appeal from Remand/Resentencing

Ellison first argued that the trial judge, Hon. Blair Jones, was biased against

him based upon a purported business relationship that went bad.  In open court,

Judge Jones denied the existence of any such relationship.  Ellison argued he was

prejudiced upon remand when the sentencing judge would not allow him to present

evidence of this business relationship because it was outside of the scope of the

remand proceedings.  *Ellison*, 2019 MT 217 N, Or. at 3-4.  The Court found

Ellison did not meet his burden of establishing prejudice, and further found that the

claim was one Ellison was currently pursing in postconviction relief (PCR).  *Id*. at

4, (citing *Ellison v. State*, Yellowstone County Dist. Ct. No. DV-56-2018-0001629-PR) (noting that Ellison's state PCR petition was filed in October of 2018).

Ellison next claimed that the lower court erred during remand proceedings by denying him admission of mental health evidence pertaining to his 2009 abduction. The Supreme Court noted the rules of evidence do not apply during sentencing proceedings, but found the district court "clearly did not abuse its discretion in the proceeding by excluding this evidence as irrelevant. *Id.* at 5. Additionally, the Supreme Court found that although Ellison referenced this information during the hearing, he never sought its admission. Thus, there was no error. *Id*. at 5.

Ellison next advanced wide-ranging prosecutorial misconduct claims. The Court held that such claims constituted a collateral attack on Ellison's convictions and accordingly, were properly raised in his PCR petition, and not on direct appeal from the remand/resentencing proceedings. *Id*. at 6.

Finally, Ellison alleged he received ineffective assistance of counsel (IAC) during both the guilt phase of his proceedings and on direct appeal. The Court noted that Ellison had properly brought his record-based IAC claim in his direct appeal proceedings and he was granted relief. *Id*. The Court went on to find, however, that the remaining IAC claims were outside of the scope of the remand

6

proceedings and would be properly raised in his PCR petition.  *Id*. at 6-7.  The

Court affirmed Ellison's sentence.  *Id*. at 7.

### e.  Ellison's Pending State PCR proceedings

In Ellison's PCR petition, he raises the following claims: (1) he is actually

innocent of the underlying criminal charges; (2) the trial judge exhibited actual

bias; (3) he was forced into mental impairment when he was denied food during

the final two days of his trial; (4) the prosecution engaged in misconduct and

malicious prosecution; (5) both trial and appellate counsel provided ineffective

assistance; (6) prosecution witnesses committed perjury; and, (7) by charging

identical conduct in Counts II and III, the state violated Ellison's right to be free

from Double Jeopardy, as well as the principle of collateral estoppel.[2]

Ellison's state PCR proceedings have involved protracted litigation,

including a stay of the proceedings while Ellison pursued the direct appeal from his

resentencing.  On March 18, 2020, the State filed its Answer to Ellison's PCR

petition; on March 24, 2020, Ellison filed his Response.[3]  It does not appear that

---

[2] See generally, Pet., *Ellison v. State*, Yellowstone County Dist. Ct. No. DV-56-2018-0001629-PR (dated October 18, 2018).  This Court may take judicial notice of proceedings, including orders and filings, in other courts, including state courts, when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted).  The Clerk of Court will be directed to file a copy of Ellison's petition into the record in this matter.

[3] See, *Ellison v. State*, Yellowstone County Dist. Ct. No. DV-56-2018-0001629-PR, Docket Report., Doc. Seq. 44.  The Clerk of Court will be directed to file a

the district court has made a ruling on Ellison's PCR petition or set the matter for

an evidentiary hearing.

### ii.    Ellison's Claims

Before this Court, Ellison advances the following claims: (1) he is actually

innocent and the evidence used to convict him was insufficient, (Doc. 1 at 17-20);

(2) Judge Jones was biased, resulting in procedural and structural error; *id*. at 21-

22); (3) Ellison was forced into mental impairment when he was denied food

during the final two days of his trial and subsequently stabbed at the Yellowstone

County Detention Center, *id*. at 23-25; (4) the State engaged in misconduct and

malicious prosecution, including the suppression of *Brady* material, *id*. at 26-31;

(5) trial and appellate counsel provided ineffective assistance in various ways, *id*.

at 32-36; (6) the State's witnesses committed perjury, *id*. at 37; and, (7) Double

Jeopardy and Collateral Estoppel principles were violated when Ellison was

charged with identical conduct for Counts II and III (Tampering) in his underlying

criminal case. *Id*. at 38-42.

Ellison asks this Court to grant his petition, set aside his convictions, and

order his immediate release.  *Id*. at 51.

### iii.    Analysis

A state prisoner must exhaust his state court remedies before petitioning for

---

copy of this document into the record in this matter.

a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Federal courts may not grant a writ of habeas corpus brought by an individual in

custody pursuant to a state court judgment unless "the applicant has exhausted the

remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The

exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and

(c), reflects a policy of federal-state comity, an accommodation of our federal

system designed to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270,

275 (1971) (internal quotation marks and citation omitted).

   To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A), through the state's established procedures for

appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe

"the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

give application to the constitutional principle upon which the petitioner relies," *id.*

*See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet

all three prongs of the test in one proceeding.  "Mere 'general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a

fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999,

cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered the claims Ellison advances before this Court.  Ellison seems to believe that all the claims contained in his federal petition are properly exhausted because he attempted to raise them before the Montana Supreme Court on appeal from his remand/resentencing, but the Court declined to address them in those proceedings. See e.g., (Doc. 1 at 6-7.)  Ellison is mistaken.  As set forth above, the Supreme Court advised him that because the claims constituted collateral attacks on his conviction, they would need to be presented in postconviction proceedings.

As explained above, Ellison is currently in the process of pursuing his state postconviction petition.  In that action, he is raising essentially the same claims he seeks to advance before this Court.  If the district court denies him relief, Ellison will then have to file a direct appeal and present the claims to the Montana Supreme Court in order to properly exhaust these claims.  While this Court is not commenting on the potential merit of any of Ellison's claims, he must give the state courts one full opportunity to review his constitutional claims before he can pursue those claims here.  *O'Sullivan*, 526 U.S. at 845.  Because Ellison has not yet exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without prejudice**, allowing Ellison to return to this Court if and when he fully exhausts the claims relative to his current custody.

10

## II.      Ellison's Outstanding Motions

If Ellison's petition is dismissed for the failure to exhaust available state

court remedies, his pending motions are moot.  In addition, none have merit.

### i.      Motion for Immediate Relief

Ellison claims that the Montana Supreme Court placed false and misleading

information into the record in its order issued in *State v. Ellison*, 2019 MT 217N, ¶

9 (Mont. Sept. 10, 2019).[4]  Ellison seems to believe that this alleged misstatement

by the Montana Supreme Court further evidences the obstruction of justice he

perceives on the part of the state prosecutors, Yellowstone County detectives, and

others.  See, (Doc. 9.)  Ellison has filed complaints with the Montana Judicial

Standards Commission regarding this issue.  See, (Doc. 7-2.)

Ellison then asks this Court to take "Emergency Judicial Notice" of

---

[4] Paragraph 9 reads as follows: "Ellison argues the District Court abused its
discretion by preventing him from presenting evidence related to his character,
history, and mental health at his resentencing hearing.  The Rules of Evidence do
not apply at a sentencing hearing.  Mont. R. Evid. 101(c )(3).  Ellison sought to
introduce a 2009 report from a Park County criminal proceeding that allegedly
stated Ellison had not committed sexual intercourse without consent, for the
asserted purpose of demonstrating Ellison was "framed" in that matter, which
Ellison wanted to use to support his innocence in this proceeding.  However, the
District Court clearly did not abuse its discretion in the proceeding by excluding
this evidence as irrelevant."  Ellison explains that he was the victim of torture and
rape and was not charged with a sexual offense. See e.g. (Doc 7-2 at 1); (Doc. 15
at 2.)  Ellison was originally charged with Tampering with Evidence as authorities
believed he had staged his own abduction; the charge was ultimately dismissed.
See, (Doc. 7-4.)

additional perceived violations committed by the state courts.  As explained above, Ellison is seeking to present the same claims he raised before the Montana Supreme Court in *State v. Ellison*, 2019 MT 217N, and to the Yellowstone County District Court in his PCR petition.  (Doc. 10.)  In his PCR proceedings, the district court issued an order directing Ellison to submit all of his claims, new and old, in a single PCR petition, to be filed by November 15, 2019.  See, (Doc. 10-1.)  Ellison appears to believe this order from the district court is unlawful and violates his right to Due Process.  (Doc. 10.)  Ellison seeks relief and asks this Court to intervene in his state court proceedings.

Absent extraordinary circumstances, "interests of comity and federalism instruct [federal courts] to abstain from exercising our jurisdiction in certain circumstances when…asked to enjoin ongoing state enforcement proceedings." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F. 3d 716, 727 (9th Cir. 2017). "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F. 3d 763, 765 (9th Cir. 2018).  But "even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other

extraordinary circumstance that would make abstention inappropriate.'"  *Id*. at

765-66 (quoting *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457

U.S. 423, 435 (1982)).

Ellison's state proceedings are currently ongoing, including his PCR petition

and an action with the Judicial Standards commission.  This Court's involvement

in either matter would have the effect of enjoining the active state proceedings.

Further, Ellison has demonstrated no extraordinary circumstance that would make

*Younger* abstention inappropriate.  While the Court understands that Ellison

disagrees with decisions that have been issued by both the Montana Supreme Court

and the state district court, he has failed to make a showing of bad faith or

harassment.  He is currently pursing available state remedies.  This Court must

abstain under *Younger* and its progeny.  Accordingly, Ellison's Motion for

Immediate Relief will be denied.

### ii.    Motion for Joinder

Ellison seeks to join the instant matter with a previously filed federal habeas

petition, *Ellison v. Fletcher*, CV-17-168-BLG-DLC-TJC, Pet. (filed Dec. 26,

2017).  In short, Ellison seeks to join the two matters based upon a perceived

continuous course of bad conduct on the part of various Yellowstone County

actors.  On January 7, 2020, this Court recommended dismissal of CV-17-168-

BLG with prejudice as untimely.  See generally, *Ellison v. Fletcher*, CV-17-168-

13

BLG, Find. & Rec. (Doc. 28).  On February 25, 2020, the recommendation was adopted and Ellison's petition was dismissed.  *Ellison v. Fletcher*, CV-17-168-BLG, Or. (Doc. 32).  Ellison has filed an appeal to the Ninth Circuit.

Because Ellison's prior habeas petition is no longer pending before this Court, there is no action to be joined with the pending proceedings.  Ellison's motion for joinder will be denied.

### iii.     Motion for Recusal

Ellison seeks the removal of United States District Court Judge Watters from his case due to her prior tenure as a Montana State District Court Judge, and his apparent belief that Judge Watters could potentially be called as a witness in the present habeas matter.  (Doc. 14.)  But the matter has already been reassigned from Judge Watters to District Judge Dana L. Christensen.  See, (Doc. 20.)  Accordingly, Ellison's motion for recusal will be denied as moot.

### iv.     Motion for Summary Judgment

Ellison argues that because many of the claims he presented to the Montana Supreme Court on direct appeal were not addressed, the state has conceded them.  See, (Doc. 15 at 1, 4.)  Ellison seems to assert he has presented conclusive evidence of his actual innocence.  He also argues that the vast obstruction of justice that has been perpetuated against him by various state actors, as discussed above, should allow him to bypass state collateral procedures and result in this Court

granting him habeas relief. *Id*. at 4-5. Ellison believes he has demonstrated that there is no genuine dispute as to the material facts at issue and, accordingly, summary judgment is appropriate. *Id*. at 4-5.

But Ellison's representation of the state court record is not accurate. As set forth above, the Montana Supreme Court declined to address Ellison's claims of judicial bias, prosecutorial misconduct, and ineffective assistance of counsel on the direct appeal from his resentencing, because those claims constituted a collateral attack on his sentence and, therefore, were properly presented in Ellison's PCR petition before the state district court. See, *Ellison*, 2019 MT 217N, ¶¶ 8, 11-12. Accordingly, Ellison's claim that there is no genuine dispute as to material fact is baseless.

Moreover, because Ellison's claims in his present petition are unexhausted, there is no basis upon which to allow further proceedings, including Ellison's motion for summary judgment. The motion will be denied.

v.     **Motion to Compel Relief**

In his motion to compel relief, Ellison claims that Magistrate Judge Johnston held in his Order and Findings and Recommendations, issued in a companion civil rights case,[5] that:

> three Yellowstone County Guards at the Yellowstone County

---

[5] See, *Ellison v. Officer Washington, et al*., No. CV-18-56-BLG-BMM-JTJ, Or. (Nov. 4, 2019).

> Detention Facility did undeniably and intentionally withhold food
> from the Petitioner [a known Hypoglycemic-lack of timely food
> causes low blood sugar/mental incoherence and loss of decision-
> making capability] during the final two days of trial.  The County
> officials did then deprive the Petitioner of a fair and just trial, thus
> violating the Petitioner's Due Process Right to a fair tribunal.

(Doc. 17 at 1.)  In light of this ruling, Ellison asserts that the third claim contained

in his habeas petition has been "confirmed as proven."  *Id*.  Given what he

perceives as a favorable ruling, Ellison believes that officials at MSP are now

retaliating against him, apparently because they are upset by Judge Johnston's

"ruling."  *Id*. at 2.  Ellison asks this Court to grant his immediate release.  *Id*.

But Ellison misconstrues the Findings and Recommendations issued by

Magistrate Judge Johnston in his companion civil rights case.  There, Judge

Johnston did not "undeniably" determine that three guards had intentionally

withheld food from Ellison for the last two days of his 2015 jury trial.  Rather, the

Magistrate Judge found there was a genuine issue of fact as to whether or not one

of the guards, Officer Washington, intentionally denied Ellison food on September

22, 2015.  See, (Doc. 16-1 at 17-19.)  Judge Johnston recommended that Ellison's

claim regarding Officer Washington's purported denial of food proceed to trial,

along with Ellison's failure to protect claim against three officers, stemming from a

December 10, 2015 incident at Yellowstone County Detention Center.  *Id*. at 4.

Magistrate Judge Johnston also found that Ellison "presented no evidence that any

Defendant was responsible for the alleged denial of meals on September 23, 2015."

16

(Doc. 16-1 at 16.)  Those claims were recommended for dismissal.  *Id.* at 16-17.

Additionally, the Magistrate Judge recommended granting Officer Grosulak's

motion for summary judgment regarding the denial of food claim on September 22,

2015, because it did not appear that he was working in the Classification Unit on

that day and, accordingly, would not be responsible for providing Ellison food.  *Id.*

at 17.

Therefore, Ellison's interpretation of Magistrate Judge Johnston's Order and

Findings and Recommendations as presented to this Court is inaccurate.

Moreover, it does not entitle him to relief in this matter at this juncture.  Ellison's

Motion to Compel Relief will be denied.

**vi.    Motion for Hearing**

Ellison requests that District Court Judge Dana Christensen conduct a

hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) (i.e., a *Franks*

hearing) (Doc. 23.).  A *Franks* hearing is "an evidentiary hearing on the validity of

the affidavit underlying a search warrant" that a defendant is entitled to if he "can

make a substantial preliminary showing that (1) the affidavit contains intentionally

or recklessly false statements or misleading omissions, and (2) the affidavit cannot

support a finding of probable cause without the allegedly false information"; i.e.,

the challenged statements or omissions are material. *U.S. v. Kleinman*, 880 F. 3d

17

1020, 1038 (9th Cir. 2017), citing *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

Ellison alleges that the prosecution ignored the possibility of secondary DNA transfer when finding Ellison's DNA was present on the ropes outside of the house.  Accordingly, Ellison argues there was insufficient probable cause to effectuate his arrest.  See, (Doc. 23 at 2-3.)  But it is not within the province of this Court to conduct a *Franks* hearing relative to state criminal matters.  Additionally, Fourth Amendment claims are generally precluded in § 2254 actions under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976).

In federal habeas, the decision to hold a hearing is committed to the Court's discretion.  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474.  In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011).  A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474.  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court

is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011).

As explained above, it is clear from the record before this Court that Ellison's claims are unexhausted. Thus, at this juncture, there is no basis upon which Ellison would be entitled to relief. A hearing is not necessary and Ellison's motion will be denied.

**vii.    Motion for Recusal**

Ellison argues this Court is biased and seeks recusal under 28 U.S.C. § 455. (Doc. 24.)  In support, Ellison argues that in his prior habeas case, *Ellison v. Guyer*, No. CV-17-168-BLG-DLC-TJC, a finding was made that a prior Park County Tampering case against Ellison was dismissed "in the interest of justice." *Id*. at 1-2.  Ellison argues that was not, in fact, the case, and the matter was dismissed due to the State's suppression of a 40-minute dash camera video.  *Id.*

Judges are presumed to be honest and to serve with integrity.  *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008).  In the absence of a reasonable factual basis for recusal, a judge should participate in assigned cases.  *United States v. Holland*, 519 F.3d 909, 912 (2008). Federal judges are, however, required by 28 U.S.C. § 455(a) to recuse themselves from any proceeding in which their impartiality might reasonably be questioned,

even where no conflict of interest exists.  *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 714 (9th Cir. 1990).

In this instance, there is no basis upon which to question this Court's impartiality.  In the finding with which Ellison takes issue, the Court was  citing directly to the state court record.  See, *Ellison v. Guyer*, No. CV-17-168-BLG-DLC-TJC, Mot. to Dismiss (Doc. 28-3)("the interests of justice are met with dismissal rather than expending continued prosecutorial and judicial resources").  While Ellison may not like the recommendation issued in his prior habeas case, he has not established a basis to question this Court's impartially.  There is no reasonable factual basis for recusal; accordingly this Court has a duty to hear all assigned cases, including this one.  *Holland*, 519 F.3d at 912.  Ellison's motion will be denied.

## III.   Certificate of Appealability

Ellison has requested that the Court issue a certificate of appealability.  (Doc. 28.) "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ellison has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, there are no close questions and reasonable jurists would find no basis to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Ellison's Motion for Immediate Relief (Doc. 9) is DENIED.

2.  Ellison's Motion for Joinder (Doc. 11) is DENIED.

3.  Ellison's Motion for Recusal (Doc. 14) is DENIED as moot.

4.  Motion for Summary Judgment (Doc. 15) is DENIED.

5.  Ellison's Motion to Compel Relief (Doc. 17) is DENIED.

6.  Ellison's Motion for Hearing (Doc. 23) is DENIED.

7.  Ellison's Motion for Recusal (Doc. 24) is DENIED.

8.  The Clerk of Court is directed to file a copy of the PCR petition filed in

*Ellison v. State*, Yellowstone County Dist. Ct. No. DV-56-2018-0001629-PR

(dated October 18, 2018), into the record in this matter.

9.  The Clerk of Court is directed to file a copy of the docket sheet in

*Ellison v. State*, Yellowstone County Dist. Ct. No. DV-56-2018-0001629-PR, into

the record in this matter.

## FINDINGS AND RECOMMENDATIONS

1.  Ellison's Petition (Doc. 1) should be DISMISSED without prejudice

as unexhausted.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3.  A certificate of appealability (Doc. 28) should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ellison may object to this Findings and Recommendation within 14

days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

Mr. Ellison must immediately notify the Court of any change in his mailing

address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of April, 2020.

*/s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

22