IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

JUN 10 2020

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>               Petitioner,<br><br>vs.<br><br>LYNN GUYER, STATE OF MONTANA,<br><br>               Respondents. | CV 18–176–BLG–DLC–TJC<br><br><br>ORDER |

United States Magistrate Judge Timothy J. Cavan issued an Order and Findings and Recommendations in this case on April 21, 2020, denying seven pending motions and recommending that the Court dismiss Petitioner Lionel Scott Ellison's petition for writ of habeas corpus without prejudice as unexhausted. (Doc. 33.)  Ellison filed a motion to appoint counsel (Doc. 34), and he timely filed objections to the Findings and Recommendations (Doc. 36.)  As a threshold matter, the Court denies the motion to appoint counsel; as discussed below, there is no reasonable dispute regarding whether Ellison must first exhaust state remedies. Thus, even if Ellison were not able to research and articulate his arguments—and he appears to be fully capable of doing so—an attorney could do no better.

-1-

Ellison is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Cavan determined that the Court lacks jurisdiction to hear Ellison's petition because Ellison's state petition for postconviction relief remains pending in the state district court. Ellison objects, arguing that: (1) evidence proves his innocence of the crime of conviction; (2) he is entitled to a *Franks* hearing; and (3) he has exhausted state remedies.

Reviewing de novo, the Court overrules Ellison's objections. The first two objections cannot cure Ellison's failure to exhaust; the substance of these arguments may be realleged if Ellison continues to seek federal habeas relief after exhaustion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

-2-

Ellison's third objection requires somewhat more consideration. Ellison contends that he has exhausted state remedies by raising his claims to the Montana Supreme Court on two occasions: (1) on a 2019 direct appeal of Ellison's operative sentence, imposed by the state district court following remand by the Montana Supreme Court, *Montana v. Ellison*, 455 P.3d 447 (mem.) (Mont. 2019); and (2) in a petition for writ of habeas corpus filed directly with the Montana Supreme Court in 2016, which the Court declined to consider, on multiple grounds, including that: it was filed pro se despite Ellison's representation by counsel; it was, at 91 pages, in excess of the word and page limits applicable to petitions; and Ellison's direct appeal remained pending, *Ellison v. Kirkegard*, OP 16-0273 (Mont. May 17, 2016).

The Court agrees with Judge Cavan that Ellison has not yet exhausted state remedies. Although he attempted to bring his arguments to the Montana Supreme Court, Ellison has not yet finished litigating his state petition for postconviction relief. That petition remains pending before the state district court, and Ellison may seek federal review of his claims only after the state district court and Montana Supreme Court have had a first opportunity to resolve them. Ellison's first petition for state habeas relief—filed as an original proceeding with the Montana Supreme Court, and dismissed less than a month after filing—was

–3–

dismissed on procedural grounds and will not prejudice Ellison's attempt to litigate the merits of his constitutional claims in his state petition for postconviction relief, the appropriate vehicle for his state claims.

The Court finds no clear error in the remaining portions of Judge Cavan's Findings and Recommendations.  The Court does not find that "jurists of reason would find it debatable whether the district court was correct in its procedural rule," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and the Court accordingly adopts Judge Cavan's recommendation to deny a certificate of appealability.

Accordingly, IT IS ORDERED:

(1) Judge Cavan's Findings and Recommendations (Doc. 33) is ADOPTED in full;

(2) Ellison's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted;

(3) Ellison's Motion for Appointment of Counsel (Doc. 34) is DENIED;

(4) A certificate of appealability is DENIED; and

(5) The Clerk of Court shall enter judgment of dismissal by separate document.

DATED this 10th day of June, 2020.

_____

Dana L. Christensen, District Judge
United States District Court